UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL JOHN MODENA, ) | |
| ) | |
| Movant, ) | Case No. 1:06-CV-74 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | |
| ) | |

Defendant Michael John Modena is serving a sentence of twenty-four months, imposed by this Court in a judgment filed July 22, 2005, after revocation of defendant's supervised release. (*United States v. Modena*, Case No. 1:99-CR-47-06). Defendant has appealed that judgment to the United States Court of Appeals for the Sixth Circuit, where it is now pending under Case No. 05-2055. During the pendency of the appeal, Mr. Modena filed a pro se motion pursuant to 28 U.S.C. § 2255, which is the subject matter of the captioned case.

Promptly after the filing of a section 2255 motion, the court must undertake a preliminary review of the motion to determine whether "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS. If the movant is not entitled to relief, the court "shall make an order for its summary dismissal." *Id.* Dismissal without a hearing is appropriate if the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Upon review of the record, the Court concludes that the petition is premature and should be dismissed.

The federal courts of appeals, including the Sixth Circuit, generally hold that a section 2255 motion is inappropriate while an appeal of right is pending, in the absence of exceptional circumstances. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998); *accord Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999); *United States v. Cook*, 997 F.2d 1312, 1318-19 (10th Cir. 1993); *Feldman v. Henman*, 815 F.3d 1318, 1320 (9th Cir. 1987). Although the pendency of a direct appeal is not a jurisdictional bar to the filing of a section 2255 motion, the orderly administration of the criminal law generally precludes consideration of a section 2255 motion while a direct appeal is pending, absent exceptional circumstances. *See Lomack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968). No such exceptional circumstances appear in the present case.

On the basis of the foregoing authorities, the Court concludes that the section 2255 motion is premature in light of the pending direct appeal. An order of dismissal will therefore be entered.

Date:     February 21, 2006             /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE